UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOSHA CAIN,

        Plaintiff,

v.                                                            Case No. 6:20-cv-179-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM OF DECISION[1]

Tosha Cain (the "Claimant"), appeals a final decision of the Commissioner of Social Security (the "Commissioner"), denying her claim for Social Security Disability Benefits. Doc. Nos. 1, 21. Claimant filed her application for benefits on April 10, 2017. R. 11. Claimant alleges an amended disability onset date of April 16, 2015. R. 11, 42, 193. Claimant argues that the Administrative Law Judge (the "ALJ") erred in: 1) failing to provide sufficient good cause for finding her physician's opinion unpersuasive; 2) finding a state agency expert's opinion persuasive; and 3) assessing Claimant's subjective complaints of pain. Doc. No. 21 at 12, 24. Upon consideration of the parties' arguments and the record, the final decision of the Commissioner is **AFFIRMED.**

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

## I. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

The ALJ found that Claimant had the following severe impairments: degenerative disc disease with post laminectomy syndrome, fibromyalgia/chronic pain disorder, residuals of a left knee meniscal tear, a right knee meniscal tear and arthritis, migraine headaches, and obesity. R. 12. The ALJ found that despite these impairments Claimant could perform light work except that Claimant:

> can occasionally push, pull and operate hand controls with her bilateral upper extremities. She can occasionally reach overhead bilaterally. The claimant can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can tolerate only occasional exposure to extreme cold. The claimant must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. Moreover, she should not be required to operate a motor vehicle as part of her job duties.

R. 15.

### A. Dr. Amune's Opinion

Claimant argues that the ALJ did not offer "good cause" for rejecting the opinion of Claimant's treating physician, Dr. Amune. Doc. No. 21 at 12. Claimant argues that the ALJ's proffered reasons for finding Dr. Amune's opinion unpersuasive are not supported by substantial evidence. *Id.* at 13. Claimant cites to other record evidence that supports Dr. Amune's opinion and argues that it contradicts the ALJ's findings. *Id.*

Dr. Amune completed a medical source statement on November 20, 2017 which indicated that Claimant could stand/walk less than one hour in an eight hour workday, sit less than two hours, could occasionally lift/carry 11-20 pounds, could frequently lift/carry less than 10 pounds, could use her hands for repetitive grasping, handling and fingering and reaching, but not pushing, pulling or overhead reaching, would need to take unscheduled breaks 3-4 times in an eight hour workday, Claimant could never bend, kneel, squat, crawl, climb stairs, or climb ladders and Claimant should avoid unprotected heights, moving machinery, marked changes in temperature and humidity, exposure to dust, fumes and gases, and should not drive automotive equipment. R. 429-30. Dr. Amune noted severe pain, fatigue, spasm, dizziness and severe disability in support of these limitations. R. 430.

In discussing Claimant's physical impairments, the ALJ cited treatment records for her treatment with Dr. Amune[2] as well as other physicians. R. 16-18. The ALJ cited to observations during those examinations that indicated, among other things, Claimant was not in acute distress at appointments from December 2016 to January 2019. R. 16-17. The ALJ specifically cites to follow up visits with Dr. Amune in September 2017, November 2017, and March, May, July, September

---

[2] The ALJ identifies Dr. Amune as "Dr. Amune Davis", but cites medical records prepared by Dr. Amune. R. 18-19.

and December 2018, where Claimant was not found to be in acute distress, was observed to be well nourished, well developed, and sitting comfortably, while also observing that her cervical spine was restricted in flexion, extension and rotation with paraspinal tenderness on the left, positive facet loading on the left and left neck tenderness. R. 16-17 (citing Ex. 12F). These treatment notes also found that Claimant also had full 5/5 motor strength in her bilateral upper extremities. *Id.*

The ALJ found the opinion of Dr. Carla M. Holloman, a state agency medical consultant, persuasive. R. 18. Dr. Holloman concluded that Claimant possessed the ability to lift 20 pounds occasionally, 10 pounds frequently, could stand and/or walk for a total of 6 hours in an 8 hour day and sit for a total of 6 hours in an 8 hour day, both with normal breaks, and unlimited pushing and pulling. R. 18. Dr. Holloman found postural limitations related to climbing ramps, stairs, ladders, ropes, scaffolds, and environmental limitations specifically avoiding concentrated exposure to extreme cold and hazards. R. 18. The ALJ found that the consistency with the record as whole made Dr. Holloman's opinion persuasive. *Id.*

The ALJ then found Dr. Amune's November 2017 opinion unpersuasive because, despite her treating status, the opinion was inconsistent with the record as a whole, and it was not supported by prior examination findings made by Dr. Amune concerning gait, distress levels, and pain behaviors, and Dr. Amune did

not address these weaknesses. R. 19. The ALJ also found that the articulation of environmental limitations was devoid of evidentiary support because there were no respiratory, medically-determinable impairments to justify the limitations and Dr. Amune's opinion "contrasts sharply with and is without substantial support from the other evidence of record, which renders it non-persuasive." R. 19.

In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.*; *see* 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c. The final rules became effective on March 27, 2017. *Id.* Because Claimant filed her claim after March 27, 2017, the new regulations apply in this case. 20 C.F.R. § 404.1520c; 20 C.F.R. § 416.920c.

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical

opinions are in the case record, 20 C.F.R. § 404.1520c(b) . . . ." *Swingle v. Comm'r of the SSA*, No. 6:20-cv-365, 2020 U.S. Dist. LEXIS 213488, at *4 (M.D. Fla. Nov. 6, 2020) (internal quotation marks omitted). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant; 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

Supportability and consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 U.S. Dist. LEXIS 77456, at *6 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the

relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors").[3] 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

Claimant does not argue that the ALJ failed to comply with the new regulations regarding his finding that Dr. Amune's opinion was unpersuasive, but instead Claimant cites to other evidence in the record that she believes supports Dr. Amune's limitations and contradicts the ALJ's findings such that they are not supported by substantial evidence. *Id.* at 13-14. Claimant points to Dr. Amune's treatment notes which reflect that Claimant had objective signs of pain, had restricted flexion, extension, rotation, and side bending in her cervical spine. Doc. No. 21 at 13 (citing R. 375, 392, 419). These limitations were also noted by the ALJ. R. 19. Claimant also cites a finding by her orthopedist that she had medial joint tenderness in her right knee, and that Dr. Amune found in her most recent physical examination that Claimant's movements were guarded and stiff, and she walked with antalgic gait. *Id.* (citing R. 478, 548, 552). Claimant argues all of this

---

[3] The Eleventh Circuit recently observed, however, that despite the substantive changes in regulations, the current version still instructs an ALJ to weigh all medical opinions in light of the length, purpose and extent of the treatment relationship and frequency of examinations which continues to "indicate the importance of treating physicians' opinions – especially where the physician has maintained a longstanding and consistent relationship with the claimant." *Simon v. Commissioner of Soc. Sec.*, No. 19-14682, 2021 U.S. App. LEXIS 17098, at *21 n. 4 (11th Cir. June 9, 2021).

contradicts the ALJ's finding that Claimant did not display signs of pain or gait abnormalities. *Id.* at 14. However, that is not what the ALJ found. What the ALJ found was that the entire record, including Dr. Amune's prior examinations related to gait, distress levels, and pain behaviors, was inconsistent with Dr. Amune's opinion and Dr. Amune did not address these weaknesses. R. 19. The same can be said of the environmental limitations, although Claimant concedes those limitations were not material to the ultimate question of disability because Claimant's past work as a customer service representative did not involve any exposure to environmental irritants. Doc. No. 21 at 14. Claimant is essentially asking this Court to reweigh the record evidence, which is something the Court cannot do. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The ALJ considered Dr. Amune's opinion in compliance with the new regulations and substantial evidence supports the ALJ's finding that the opinion was unpersuasive.

      B.     Dr. Holloman's Opinion

Claimant also argues that the ALJ erred in finding Dr. Holloman's opinion persuasive because Dr. Holloman did not consider Claimant's need for knee surgery on her right knee or more recent evidence of her antalgic gait, and Dr. Holloman did not examine Claimant. Doc. No. 21 at 27. However, as required by the new regulations, the ALJ considered the supportability and consistency of

Dr. Holloman's opinion based on the record as a whole and found it persuasive and substantial evidence supports the ALJ's finding.[4]

### C. Evaluating Claimant's Pain

Claimant argues that the ALJ failed to offer sufficient justification for discounting Claimant's testimony regarding her pain in that he failed to provide specific and clearly articulated reasons for his decision and failed to address any of the factors in 20 C.F.R. § 404.1529(c)(3). Doc. No. 21 at 24. Claimant argues that, instead of offering specific reasons for rejecting her testimony about her pain, the ALJ simply stated that her testimony was not consistent with the medical evidence and then summarized the treatment notes in the record instead. *Id.* at 25. Claimant argues that the summarized treatment notes corroborate Claimant's testimony that she suffered from a severe level of pain. *Id.* at 26. Claimant also argues that her multiple surgeries, need for strong pain medications, and her inability to afford cervical injections that have helped her in the past support her testimony that she cannot work. *Id.*

At the hearing, Claimant testified that she is in pain constantly and her medications make her sick. R. 43. Claimant stated that it takes her almost thirty minutes to get out of bed in the morning because her neck hurts and it radiates

---

[4] Additionally, the ALJ acknowledged the new right knee injury and actually provided accommodation for it in the RFC. R. 17.

down her back, so she gets up and stands in a hot shower. R. 43-44. Claimant states she barely does anything at home and does not even have a social life, she is miserable. R. 44. Claimant grocery shops with her husband, folds laundry, does the dishes, and paces the house a lot because sitting is uncomfortable. R. 44. Claimant states she gets migraines that last days. R. 46. Claimant states she has pain in her right knee, going up and down the stairs, walking, and everyday activities. R. 48. She is having surgery on the knee. *Id.*

With respect to Claimant's testimony, the ALJ found that Claimant's statements concerning intensity, persistence, and limiting effects were not consistent with the medical evidence for the reasons explained in his decision. R. 16. Prior to summarizing the specific treatment records upon which he relied, the ALJ explained that:

> Here, the claimant . . . allege[s] that she is unable to work, because of degenerative disc disease with post laminectomy syndrome, fibromyalgia/chronic pain disorder, residuals of a left knee meniscal treat, a right knee meniscal tear and arthritis, migraine headaches, and obesity. Because of her impairments, the claimant contends she has difficulties with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, and completing tasks. (Exhibits 3E, 6E, and 13E). The claimant also testified that she experiences problems with neck pain, migraine headaches, knee pain, and lower back pain. (Hearing Testimony). In sum, the claimant asserts she cannot work because of these limitations.[5] (Id.)

---

[5] Exhibits 3E, 6E, and 13E are: Claimant's husband, Dennis Cain's third-party function report

R. 15.  The ALJ cites to treatment records spanning a period of time between December 2016 to January 2019, reflecting Claimant was noted to not be in acute distress upon examination, her heart had a regular rate and rhythm, her lungs were clear, there was no clubbing or edema, and she was sitting comfortably.  R. 16-17 (citing Ex. 10F, Ex. 12F, Ex. 13F).  The ALJ also cited a consultative examination in July 2017 where there was no tenderness of the spinous process, no paravertebral spasms of the cervical and lumbar spine, cranial nerves were intact, full 5/5 muscle strength in upper and lower extremities, negative straight leg test, and Claimant was able to ambulate with a normal gait.  R. 16 (citing Ex. 4).  The ALJ addressed Claimant's earlier left knee meniscal tear, as well as the impact of her more recent right knee meniscal tear.  R. 17.  With respect to her migraine headaches, the ALJ noted there was no objective medical evidence, only Claimant's subjective complaints, and that "the record does not contain evidence that her migraine headache impairment precludes the claimant from performing the work-related physical activities articulated" in the RFC.  R. 17.  The ALJ also considered Claimant's reported side effects from her medications.  R. 18.  Finally, the ALJ observed that in sum, Claimant's impairments would not preclude the claimant from engaging in light work.  R. 18.

---

dated April 23, 2017 (R. 205-15), Claimant's function report dated April 23, 2017 (R. 235-42), and Dennis Cain's third-party function report dated August 27, 2017 (R. 270-77).

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition, and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The ALJ *must* consider "all of the record, including the objective medical evidence, the claimant's history, and the statements of claimant and her doctors." *Costigan v. Comm'r*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)).

In evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the "duration, frequency, and intensity" of the claimant's symptoms; (3) "[p]recipitating and aggravating factors"; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. *Sarli v. Berryhill*, 817 F. App'x 916, 918 (11th Cir. 2020) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). The ALJ is to consider these factors in light of the other evidence in the record. *Id.* (citing §§ 404.1529(c)(4), 416.929(c)(4)). "The claimant's subjective testimony

supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see also* Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562; *Sarli*, 817 F. App's at 918 (such credibility determinations are the province of the ALJ).

In *Simon*, 2021 U.S. App. LEXIS 17098, at *18, an ALJ's credibility finding did not specify which evidence was inconsistent with Simon's description of his symptoms, nor did it explain the inconsistency. The Eleventh Circuit concluded that the ALJ's failure to elaborate on which portions of the medical evidence were inconsistent rendered review difficult. 2021 U.S. App. LEXIS 17098, at *33. Upon reversal and remand for reconsideration of Simon's treating physician's opinion, the court vacated the ALJ's credibility finding as well and directed that if the ALJ, was still inclined to disbelieve Simon as to the severity of his symptoms the ALJ

needed to support that finding by identifying some specific portion of the record undermining Simon's credibility. 2021 U.S. App. LEXIS 17098, at *34-35.

Unlike the ALJ in *Simon*, the ALJ in this case cites to specific medical records. R. 15-18. Here, the ALJ discussed specific parts of Claimant's testimony he found inconsistent with the objective medical evidence, such as the severity of her migraines. R. 17-18. While the ALJ's decision could have been more carefully crafted to clarify each precise inconsistency, upon review of the record as a whole, the Court finds that the ALJ's credibility finding is sufficiently articulated and is supported by substantial evidence in the record. *Sarli*, 817 F. App'x at 918. As such, the Court finds no reason to disturb that decision on review.

Accordingly, it is **ORDERED** that:

1. This matter is **AFFIRMED**;

2. The Clerk is directed to enter a final judgment in favor of the Commissioner; and

3. The Clerk is directed to close the case.

**DONE** in Orlando, Florida, on July 6, 2021.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bartholomew C. Zadel
Morgan & Morgan
988 Woodcock Road
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Sarah Choi, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable James Satterwhite
Administrative Law Judge
Office of Hearing Operations
4300 Goodfellow Boulevard
St. Louis, Missouri 63120-1700